## THE STATE v. ROBINSON AND McCLUNE.

1. In an indictment under the thirty-third section of the crimes act, for burglary, it is not necessary to allege that the crime was committed at any particular hour of the night, the general description "by night," being sufficient. *Query.* Whether this was not sufficient at common law.

2. If such description were erroneous, it could not, in consequence of the statute, (*Nix. Dig.* 227, *pl.* 45*), be taken advantage of on writ of error, as such defect could not have prejudiced the defendants in maintaining their defence on the merits.

---

Writ of error to the Court of Oyer and Terminer of the county of Cumberland, to reverse a judgment against the defendant, upon grounds set forth in the opinion of the court.

Argued at February Term, 1871, before the CHIEF JUSTICE and Justice DEPUE.

For the plaintiffs in error, *F. F. Westcott.*

For the state, *Alfred Hugg.*

---

* *Rev., p.* 284 § 89.

BEASLEY, CHIEF JUSTICE.   The indictment brought before the court by this writ of error is framed in conformity with the language of the thirty-third section of our crimes act, (*Nix. Dig.* 198*), setting forth that the defendants, by night, wilfully and maliciously broke and entered a certain dwelling-house, with intent, &c.   The ground upon which a reversal of the judgment, which has passed against the defendants, is that the indictment does not specify any particular hour of the night as the time of the commission of the offence.

Certainly it is usual in indictments for burglary, at common law, not only to allege that the criminal act was done at night, but also to assign, in that connection, some certain hour, the supposed necessity for this being the difference between natural and burglarious night.   The night of nature includes all that portion of the twenty-four hours which is embraced between sunset and sunrise ; but the term night, in its application to this crime, did not comprise the twilight. The consequence was, that it was thought that an allegation that the breaking and entering was by night did not show, with sufficient certainty, that such acts were done after the twilight, and hence the practice just mentioned, of designating in the indictment a particular hour.   This was a mere technicality, and does not appear to have much support in good sense.   As the 'phrase "by night," in the law of burglary, had a settled technical signification, it is not easy to perceive why, when used in an indictment charging a person with burglariously breaking and entering, any doubt should arise as to the period of time indicated by the terms.   But however this may be, several of the standard treatises on the subject of criminal law state very distinctly that in indictments of this kind, the particular hour should be laid.   1 *Russell* 826 ; 2 *East P. C.* 513.

Notwithstanding, however, the views thus expressed, it will be found, upon critical examination, that there is but a slight foundation for them.   The whole doctrine appears to have originated in a ruling of Mr. Justice Gould, at the As-

* *Rev., p.* 243, ½ 93.

The State v. Robinson and McClune.

sizes. I have not been able to find any other judicial authority for it, and it is clearly opposed to the more ancient practice. In the form of the indictment given to us by Lord Hale, there is no such precise expression of time. 1 *Hale's P. C.* 549. And in the time of Lord Coke, the technicality seems to have been unknown. *Mackalley's case*, 9 *Rep.* 66. In 1 *Roll's Abr.* 524, the statement of the time of the burglary is in the general form, that the act was done by night. See also 2 *Hawk., chap.* 25, §§ 76, 77. In this state of the authorities, I incline very much to the opinion of Mr. Wharton, that in an indictment at common law for burglary, it is sufficient to allege that the offence was done by night, without mentioning the hour. *Crim. Law*, §§ 270, 1612.

But this is not the present question. This is an indictment under the statute, and in the particular under consideration the statutory language is used. Upon the argument it was insisted, and I think quite correctly, that the expression "by night," used in the act, had a technical meaning, and meant burglarious night. But if the legislature has thus used this phrase in this particular application, as possessed of a determinate signification, how can it be said that, in the same connection, when found in this indictment, its meaning is uncertain? Such a refinement would be entirely misplaced. The meaning of that expression, as used in the statute or in this indictment, is not and cannot be doubtful to any one at all versed in the law, and a more precise specification of time would answer no useful purpose. I think the objection should not prevail.

Nor is it perceived how, if this indictment had been held to be defective in the feature referred to, such result would have helped the defendants. The defect would have been merely formal, and such errors are not available in criminal cases on writ of error. The act of 1855 expressly declares, that in this final stage of the case, the judgment shall not be reversed for any imperfection of form, or "for any error except such as shall or may have prejudiced the defendant in maintaining his defence upon the merits." In the case of

*The State* v. *Donnelly,* 2 *Dutcher* 493, it was held that if the verdict in that case was technically erroneous, the judgment could not be reversed without directly contravening the provisions of this act. The error complained of in the present case, even if it existed, could not have put the defendants to any disadvantage at the trial, and consequently could not invalidate the judgment.

Let the judgment be affirmed.

DEPUE, J., concurred.

CITED *in Murphy* v. *Montclair,* 11 *Vr.* 676.